**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**KRYSTAL ANN MCKENNA-HILDRETH, BARRY JAMES HILDRETH,**

　　　　**Plaintiffs,**

**v.**

**MHC PROPERTY MANAGEMENT, L.P., A DELAWARE LIMITED PARTNERSHIP; AND EQUITY LIFESTYLE PROPERTIES, INC., A MARYLAND CORPORATION;**

　　　　**Defendants,**

_____/

**Case No.: 5:25-cv-00704-CEM-PRL**

**ORDER**

This matter is before the Court upon periodic review. Plaintiffs Crystal Ann McKenna-Hildreth and Barry James Hildreth, appearing pro se, initiated this case by paying the required filing fee and filing a complaint. (Doc. 1). There are currently several motions pending before the Court, including pro se Plaintiff's motion to participate in electronic case filing. (Doc. 30).

Pursuant to the Court's Administrative Procedures for Electronic Filing, "[a]bsent a court order, a pro se litigant is not permitted to file documents in CM/ECF." *See* Administrative Procedures for Electronic Filing (Aug. 1, 2025) for the United States District Court, Middle District of Florida. "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *See* *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15,

2014); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for pro se litigant because there was "no good cause under the circumstances of the case to authorize his access"). Here, Plaintiff has not offered a compelling reasons as to why they should be permitted to access and file documents in CM/ECF. Accordingly, the motion to participate in electronic filing (Doc. 30) is due to be **DENIED.**

As pro se parties, however, Plaintiffs can receive electronic notices of filing by email, monitor the docket via PACER,[1] and submit filings in person, by U.S. Mail, or by other delivery service. That said, "the Court in its discretion may grant a pro se party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). Here, the Court finds it appropriate to exercise such discretion. *See id.* (authorizing electronic notification of filings for a pro se litigant via email); *Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *2 (M.D. Fla. Jan. 29, 2025) (allowing service of court documents on pro se party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same). Thus, the Court will permit Plaintiffs to receive electronic notifications of filing via email.

Accordingly, it is **ORDERED** that:

(1) Plaintiffs' motion to participate in electronic case filing (Doc. 30) is **DENIED.**

---

[1] "Any member of the public can access electronic records of the federal courts by registering online with PACER." *See Rothschild v. Anywhere Advisors LLC*, No. 2:24-cv-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). The Court's "Guide for Proceeding Without a Lawyer" provides instructions on how to register for PACER (http://www.flmd.uscourts.gov/pro_se/default.htm).

(2) The Clerk is directed to add Plaintiffs' email address as provided in the motion (Doc. 30) to the docket and send all future notices of electronic filing to the email address.

(3) Plaintiffs are responsible for notifying the Clerk of any changes to email address(es). Plaintiffs are advised to frequently check email, as some filings may be time sensitive. The notices of electronic filing will contain a hyperlink that allows the Plaintiffs to view the document for the first time for free. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. An individual must access PACER to view a document after the hyperlink has expired. The Court's Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER on page 13.[2] Please note that when the Court allows a pro se litigant to receive notices of filing by email, the Clerk's office no longer mails paper copies. As a result, Plaintiffs are cautioned that, after this Order, they will no longer receive court documents by U.S. mail.

(4) The remaining pending motions in this case that are referred to the undersigned, including Defendants' motion to dismiss (Doc. 18), are taken **under advisement** and, as appropriate, will be addressed via separate order.

**DONE** and **ORDERED** in Ocala, Florida on April 6, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

---

[2] The Court's Guide for Proceeding Without a Lawyer can be accessed on the Court's website at http://www.flmd.uscourts.gov/pro_se/default.htm.

Copies furnished to:

Counsel of Record

Unrepresented Parties